

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SARENA E. PERKINS, | § | No. 08-15-00209-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | Criminal District Court No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-1152213-J) |
| | § | |

## O P I N I O N

Sarena E. Perkins appeals from a judgment adjudicating her guilty of robbery and sentencing her to serve ten years in prison. We modify the judgment to accurately reflect those conditions of community supervision the trial court found Appellant violated, and we affirm the judgment as so modified.

## FACTUAL SUMMARY

In 2011, Appellant was charged by indictment with the offense of robbery. She waived her right to a jury trial and entered a negotiated plea of guilty. In accordance with the plea bargain, the trial court placed Appellant on deferred adjudication community supervision for seven years. In May 2015, the State filed an amended motion to proceed with adjudication of guilt alleging multiple violations of the terms and conditions of community supervision. More specifically, the amended motion alleged that Appellant violated Conditions (a), (b), (j), (l), (n),

(q), and (t) of the community supervision order.

At the hearing, Appellant entered an open plea of true to the motion to adjudicate, but the State abandoned the allegations that Appellant had violated Condition (a) by committing the offenses of aggravated assault and failure-to-identify. At the conclusion of the hearing, the trial court expressly accepted Appellant's plea of true with respect to all of the allegations except for the alleged violations of Condition (a). The trial court granted the State's motion to adjudicate guilt, adjudicated Appellant guilty of robbery, and assessed her punishment at imprisonment for a term of ten years.

## MODIFICATION OF THE JUDGMENT

In her sole issue, Appellant contends that the judgment should be modified because it erroneously reflects that she violated Condition (a). The State joins Appellant's request to modify the judgment.

The judgment adjudicating guilt recites the trial court's finding that Appellant, while on community supervision, violated the terms and conditions of supervision "as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt." The amended motion to adjudicate guilt attached to the judgment includes the allegations that Appellant violated Condition (a) by committing aggravated assault and failure-to-identify. When the judgment adjudicating guilt is read as a whole, it inaccurately reflects that the trial court found true the allegations that Appellant violated Condition (a) by committing these two new offenses even though the State abandoned these allegations at the revocation hearing and the trial court did not find these allegations to be true.

A court of appeals has the power to modify an incorrect judgment to make the record

speak the truth when the necessary information is available to the court. *See* TEX.R.APP.P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63-64 (Tex.App.--Dallas 2009, no pet). Accordingly, we sustain Issue One and modify the judgment adjudicating guilt to reflect that the trial court found that Appellant violated only Conditions (b), (j), (l), (n), (q), and (t) of the terms and conditions of community supervision. The judgment, as so modified, is affirmed.

STEVEN L. HUGHES, Justice

April 27, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)